IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**COREY TREMAINE WILLIAMS**                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 4:06CV102LA**

**JOHNNY CROCKETT and THERESA**
**BASKIN**                                                  **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 26th day of February, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Michael Wolf. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. During the hearing, the parties executed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge. The Plaintiff claims that he began to experience pain and swelling in his right arm during the morning of July 4, 2005. The sergeant on duty told him he would call the nurse if the swelling continued for two hours. When the swelling continued, the sergeant called the nurse; however, she had not responded by 2:00

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

that afternoon, so Williams called his mother.  He claims that his mother called the sheriff and the nurse, and the nurse told his mother that she would be there as soon as she could.  Another guard put Williams in the observation cell, where he stayed until 10:00 that night.  Nurse Baskin saw him at that point, and she told him that he shouldn't have disturbed her on her day off.  Williams was given ibuprofen and Benadryl and sent back to his cell.

Williams said the swelling continued, and, in two days, had reached his elbow and back on both arms.  The swelling began on Monday; on Thursday, Williams saw a doctor, who prescribed pills that Williams he didn't get until Friday.  He claimed that the nurse just gave him one pill on Thursday, but backdated his file so it appeared that he got all of his medicine on that date.  The swelling went down initially, but it came back and continued for the next six months.  Williams claims that he lost weight, but got no help from Nurse Baskin except for ibuprofen.  He was ultimately taken to the medical facility at the Central Mississippi Correctional Facility, where he was prescribed analgesic balm, a diuretic and prescription Ibuprofen.  Williams says that he never received a diagnosis of his condition, and he claims that he lost his job as a clerk because he couldn't lift heavy boxes.  He admits that he has no problems with his arms now and no permanent injury.

    2.    **DISCOVERY ISSUES and PENDING MOTION**

During the hearing, the Plaintiff's medical records from the Kemper County facility were provided to him and made a part of the record.  These records will be retained by the court for use at trial.  There are no other discovery matters pending, except for those set forth herein.  The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff did not request the attendance of any witnesses, on grounds that his medical records would adequately set forth his claims.  The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for filing motions in this matter is April 30, 2007.  The trial of this action will be set after the resolution of all motions.

IT IS SO ORDERED, this the 19th day of March, 2007.

            S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE